STOICAN, RESPONDENT, v. WITHERS, APPELLANT.

(No. 7,617.)

(Submitted February 9, 1937. Decided February 23, 1937.)

[65 Pac. (2d) 604.]

*Mr. D. W. Doyle,* for Appellant.

174

*Mr. Edward V. Ahern* and *Mr. Cedor B. Aronow,* for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The complaint in this action contains two causes of action. The first is for wages and the use of a truck alleged to be due to the plaintiff from the defendant, and which accrued in October, 1930. The work was alleged to have been done on a certain oil and gas structure in Hill county. The second cause of action alleges that John Stoican, Sr., sold to defendant lumber to be used in the drilling operations, as well as certain oil and gas, all of the reasonable value of $133; that this claim was assigned by John Stoican, Sr., to the plaintiff.

By stipulation the cause was tried before the same jury and on the same evidence introduced in the companion case of *Freeman* v. *Withers,* ante, p. 166, 65 Pac. (2d) 601. The jury found in favor of the plaintiff for the amount demanded in both causes of action, on which judgment was entered. Defendant's motion for new trial was denied, and the appeal is from the judgment.

The only contention made in this case is that the evidence ▮ is insufficient to support the verdict and judgment, in that there was not sufficient evidence to establish the relationship of principal and agent between defendant Withers and those with whom plaintiff and his predecessor in interest actually dealt. In the companion case of *Freeman* v. *Withers,* we reviewed the evidence introduced at the trial. It is shown that plaintiff's first cause of action here arose out of dealings had between him and McDonald. The second cause of action arose out of dealings between John Stoican, Sr., and Christiansen. What we have said in the companion case touching upon the question of the relationship of principal and agent between Withers and Ellis applies also to the relationship between

Withers and McDonald and Withers and Christiansen, and for the reasons stated in that opinion the judgment is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.